UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARITY SOLUTION GROUP, LLC
d/b/a CLARITY INSIGHTS,

    Plaintiff,

v.                                                                       Case No. 18-14088

VISIONPRO, LLC f/k/a                                        HON. AVERN COHN
PRIME WORKFORCE SOLUTIONS,
LLC, VISION TECHNOLOGIES, INC.,

    Defendants.
_____/

# ORDER GRANTING IN PART AND DENYING IN PART
# DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. 26)

## I. Introduction

This is a business dispute. Plaintiff Clarity Solution Group, LLC d/b/a/ Clarity Insights (Clarity) sued defendants VisionPRO, LLC f/k/a/ Prime Workforce Solutions (VisionPRO) LLC and Vision Information Technologies (Vision IT). In broad terms, Clarity said that defendants acted as a "payment administrator" and managed the relationship between Clarity, a temporary staffing agency, and Spectrum Health System (Spectrum),[1] a hospital, under which Clarity provided staff to Spectrum. Spectrum would pay defendants for Clarity's staffing services and defendants in turn would pay Clarity. However, defendants failed to pay Clarity with the funds it received from Spectrum. On June 12, 2019, the Court granted summary judgment in favor of Clarity and jointly and severally against VisionPRO and Vision IT on Clarity's breach of contract

---

[1] Clarity also sued Spectrum Health System but later voluntarily dismissed all claims against them (Counts VI - IX). See Doc. 9.

claim. (Doc. 24). A judgment followed in the amount of $448,699.55. (Doc. 25.

Before the Court is defendants' motion for reconsideration. (Doc. 26). For the reasons that follow, the motion will be granted in part and denied in part.

## II. Legal Standard

A motion for reconsideration will be granted only if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. See E.D. Mich. LR 7.1(h)(3); Taylor v. DaimlerChrysler AG, 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004). A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999)

## III. Discussion

First, defendants say that the Court erred in entering judgment against both VisionPRO and Vision IT. This argument lacks merit. Clarity offered evidence that both defendants are listed as parties to the contract. See Doc. 18-1 at ¶ 6, Doc. 18-2 at ¶ 8. Defendants did not contest this with any admissible evidence, instead relying solely on the argument by counsel unsupported by admissible evidence. Counsel's argument alone is insufficient to create a genuine issue of material fact. Further, at the hearing on Clarity's motion, the Court noted that defendants cannot hide by playing a shell game between the parent company and its wholly owned subsidiary in an effort to escape liability. Defendants did not offer any evidence to contest that the parent company is in control of the wholly owned subsidiary.

Defendants next contend that the Court erred in entering judgment in the amount

of $448,699.55. Defendants say that the judgment should have been entered in the amount of $448,621.83 – a $77.72 difference. In response, Clarity says that "to avoid any dispute" on this issue" says it will stipulate to modify the judgment to the lower amount of $448,621.83. Despite Clarity's agreement, the Court did not err in entering judgment for the higher amount. Clarity supported the higher amount with admissible evidence in its motion and defendants did not offer any admissible evidence to contest the amount. It was not until the motion for reconsideration did defendants offer any explanation or justification for the meager difference in amount.

IV. Conclusion

For the reasons stated above, defendants' motion is GRANTED IN PART AND DENIED IN PART. Clarity shall prepare an amended judgment in the amount of $448,621.83.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 7/24/2019
Detroit, Michigan